IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | CR 07-26-GF-CCL |
| -v- | CV 18-34-GF-CCL |
| ELMER RED EAGLE, JR., | **ORDER** |
| Defendant. | |

Before the Court is a document submitted by Defendant and *Pro Se* Petitioner Red Eagle to the United States Court of Appeals in November of 2017, titled "On Petition for Authorization to File Writ of Habeas Corpus to the United States District Court for the District of Montana, Great Falls Division USDC No. CR 07-26-GF-SEH; USCA8 08-7811." (Doc. 92). The Appellate Commissioner for the Ninth Circuit transferred the filing to the Great Falls Division of the United States District Court for the District of Montana on February 6, 2018, noting that the petition "appears to be a first 28 U.S.C. § 2255 motion" and directing that it be "deemed filed in the district court on November 9, 2017, the date on which Red Eagle attests that it was delivered to prison authorities for forwarding to this court." (Doc. 92-1 at 1).

## PROCEDURAL BACKGROUND

Before addressing Defendant's pending 2255 motion, the Court reviews the procedural background of this criminal matter. In March of 2007, the grand jury returned an indictment charging Defendant with aggravated sexual abuse and sexual abuse of a minor. (Doc. 1-1). Defendant filed a number of pretrial motions, which were denied by Judge Haddon on May 2, 2007. A jury was selected in the Great Falls Division on May 15, 2015, and trial began in Helena on May 16, 2007. The jury returned a guilty verdict as to both counts of the indictment on May 17, 2007. Defendant appealed his conviction and imposition of a life sentence and the Ninth Circuit affirmed. The Ninth Circuit mandate was issued on October 14, 2008.

On July 18, 2016, Defendant filed an "Application for Certificate of Appealability." (Doc. 88). In its order denying the application, the Court explained that the request was procedurally incorrect and advised Defendant that if he "wishes to initiate a section 2255 petition, he should utilize a form that will assist him in presenting his claim." The Court also directed the Clerk to send Defendant a copy of the proper form, along with the order. (Doc. 89 at 2). Rather than heeding the Court's instructions, Defendant submitted a second copy of the same "Application for Certificate of Appealability," which was filed on July 29,

2016. (Doc. 90). The Court treated the duplicate filing as a motion for reconsideration, which was denied. (Doc. 91).

As explained *supra*, Defendant once again attempted to file a *habeas* petition in the Ninth Circuit in November of 2017, which this Court will treat as his first 28 U.S.C. § 2255 motion filed on November 9, 2017. The Clerk for the District of Montana filed the "Clerk's Notice of Filing 2255" on February 6, 2018, upon receipt of the Appellate Commissioner's transfer order. (Doc. 93). On February 28, 2018, the clerk's office received and filed a document with the hand-written notation "<u>REDEAGLE</u> APPENDICIES 1 – 7." (Doc. 94). On March 21, 2018, the clerk's office received and filed Defendant's "Motion for Leave to Add Apendicies [sic] to 28:2255." (Doc. 95). The Court presumes that the appendices referenced in the motion are those filed on February 21, 2018. With the exception of a letter from the Federal Defenders of Montana (Doc., 94 at 6), the referenced documents are part of the record in this case and will therefore be considered in deciding Defendant's 2255 motion.

**DEFENDANT'S CLAIMS**

Defendant asserts three interrelated grounds for relief in his § 2255 motion. He contends that this Court lacked subject matter jurisdiction over the case against him because the government failed to prove that he is a blood member of a

3

federally recognized tribe. (Doc. 92 at 18). He also argues that the government failed to prove his victim's Indian status. (Doc. 92 at 25). His final argument is related to his two prior arguments because he claims that his attorney's failure to raise these issues at trial or on appeal constituted ineffective assistance of counsel. (Doc. 92 at 27).

**LEGAL STANDARD**

Defendant's motion was referred to the undersigned even though his criminal case was initially assigned to Judge Haddon because Judge Haddon was unable to try the case. The undersigned therefore conducted the jury trial and imposed sentence and considers Defendant's motion. *See* Rule 4(a) of the Rules Governing Section 2255 Proceedings.

Defendant's motion was filed more than a year after the judgment against him became final and therefore is not timely. 28 U.S.C. § 2255(f). The Court nevertheless subjects Defendant's motion to preliminary review because he raises a jurisdictional argument, which can be considered at any time.

The Court "must dismiss the motion and direct the clerk to notify the moving party" if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## DISCUSSION

Defendant correctly points out that this Court's jurisdiction over his crimes was based on the Indian Major Crimes Act, 18 § 1153(a). Defendant was convicted of violating felony crimes under chapter 109A of Title 18 of the United States Codes. Those crimes are classified as major crimes under the Indian Major Crimes Act. 28 U.S.C. § 1153(a).

Defendant does not dispute the fact that his crimes occurred in Indian country, instead arguing that the United States was required to prove that he and his victims were all "Indian persons."

Whether Defendant's victims were Indian persons is irrelevant because this Court's jurisdiction was based on Defendant's status as an Indian person not on the fact that his victims were Indian persons. The Indian Major Crimes Act gives federal courts jurisdiction over certain crimes committed in Indian country by Indians against any person, not just Indian persons. 28 U.S.C. § 1153(a).

Defendant cites *United States v. Zepada*, 705 F.3d 1052 (9th Cir. 2013) to support his claim that the government failed to prove that he is an Indian person because the only evidence it provided was a Certification of Enrollment, which failed to show that his bloodline was derived from a federally recognized tribe. (Doc. 92 at 11). The 2013 decision of the 3 judge panel in *Zepada* was overruled

5

on rehearing en banc in 2015. *United States v. Zepada*, 792 F.3d 1103 (9th Cir. 2015) (en banc). The current standard in the Ninth Circuit is the same as the standard required when Defendant was convicted, which was the standard set by the Ninth Circuit in *United States v. Bruce*, 394 F.3d 1215, 1223 (9th Cir. 2005). The United States must prove that "the defendant (1) has some quantum of Indian blood and (2) is a member of, or is affiliated with, a federally recognized tribe." *Zepada*, 792 F.3d at 1106 - 1107.

During Defendant's trial, the government introduced Defendant's Certification of Enrollment from the records of the Fort Peck Agency.[1] The exhibit was admitted without objection. Government Exhibit 3 satisfies the first prong of the *Bruce* test because it demonstrates that Defendant has 3/4 Sioux and 3/4 total Indian blood. Government Exhibit 3 satisfied the second prong of the *Bruce* test because it shows that Defendant is an enrolled member of the Assiniboine and Sioux Tribes of the Fort Peck Reservation. "[A] tribe's federally recognized status is a question of law to be determined by the trial judge." *Id.* at 1107. Had this issue been raised at trial the Court would have decided then, as it decides now, that the Assiniboine and Sioux Tribes of the Fort Peck Reservation are federally recognized.

---

[1] A copy of Government Exhibit 3 from Defendant's trial was submitted by Defendant as an appendix to his § 2255 motion. (Doc. 94 at 7).

## CONCLUSION

The Court having completed its preliminary review of Defendant's § 2255 motion, including the appendices filed in February of 2018, and the record of prior proceedings has determined that Defendant is entitled to no relief. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion to set aside the judgment (Doc. 92) is DENIED. The Clerk is directed to enter judgment dismissing Defendant's petition.

The Court having considered the appendices submitted by Defendant in deciding his motion,

IT IS FURTHER ORDERED that Defendant's motion for leave to add appendices (Doc. 95) is GRANTED.

Defendant having failed to make a substantial showing of the denial of a constitutional right,

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this 27th day of November, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE