## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. ELMER RED EAGLE, JR., Defendant. | Cause No. CR 07-26-GF-BMM <br><br> **ORDER** |

## INTRODUCTION

Defendant Elmer Red Eagle, Jr. ("Red Eagle") filed a motion for compassionate release on May 7, 2024. (Doc. 109.) Red Eagle's counsel filed a supplemental brief supporting Red Eagle's motion on August 14, 2024. (Doc. 116.) Red Eagle argues that the combination of his medical issues, post-sentencing rehabilitation, and time already served constitutes extraordinary and compelling reasons for a sentence reduction. (Doc. 116 at 5–8; Doc. 116 at 9–10.) The Government opposes Red Eagle's motion. (Doc. 117.) The Government argues that Red Eagle has not provided extraordinary and compelling reasons justifying a sentence reduction warranting a denial of the motion. (Doc. 117.)

## FACTUAL BACKGROUND

The Government filed an indictment on March 8, 2007, charging Red Eagle with one count of Aggravated Sexual Abuse in violation of 18 U.S.C. § 2241(c) and

1

one count of Sexual Abuse of a Minor in violation of 18 U.S.C. § 2243(a). (Doc. 1.) A jury found Red Eagle guilty on both counts after a trial on May 17, 2007. (Doc. 57.) Red Eagle's offense level was 43, and his criminal history score placed him in category I. (Doc. 63.) The Court sentenced Red Eagle to the custody of the Bureau of Prisons ("BOP") for life on Count I and 15 years on Count II, with sentences on all counts to run concurrently. (Doc. 64 at 2.)

Red Eagle submitted a request for compassionate release to prison staff on March 14, 2024, citing his medical conditions as grounds for compassionate release. (Doc. 109.) Red Eagle filed a motion with the Court after the passage of thirty days. (*Id.*) Red Eagle also filed a motion to reduce his sentence on March 19, 2024. The Court denied that motion on April 4, 2024. (Doc. 108.) Red Eagle has served 17 years of his life term of imprisonment. Red Eagle is incarcerated at Tucson USP in Tucson, Arizona. *See* Inmate Locator, https://www.bop.gov/inmateloc (accessed January 30, 2025).

## DISCUSSION

### I. Availability of Relief Under 18 U.S.C. § 3582

The First Step Act amended the United States Code to "promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019) (citing Cong. Research Serv., R45558, The First Step Act of 2018: An Overview 1 (2019)). The Court may modify a term of imprisonment upon motion of a defendant if the Court finds that "extraordinary

and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider the factors set forth in 18 U.S.C. § 3553(a) ("§ 3553(a)") and whether the reduction proves "consistent with applicable policy statements issued by the Sentencing Commission" when the Court is considering the reduction of a defendant's term of imprisonment. *Brown*, 411 F. Supp. 3d at 448 (citing 18 U.S.C. § 3582(c)(1)(A)).

Congress has not defined the circumstances that rise to the level of "extraordinary and compelling," except to say that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t); *Brown*, 411 F. Supp. 3d at 448. The law instead directs the United States Sentencing Commission ("USSC") to issue a policy statement describing "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t); *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021).

Section 1B1.13 of the United States Sentencing Guidelines ("USSG"), titled Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) ("Policy Statement"), previously only provided a policy statement for motions filed by the BOP director. Amendments to USSG § 1B1.13 took effect on November 1, 2023. "The amendment revises §1B1.13(a) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making the policy statement

3

applicable to both defendant-filed and BOP-filed motions." USSC, Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, at 7, https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf.

Section 1B1.13(b) outlines several categories of circumstances that constitute extraordinary and compelling reasons for reducing a defendant's sentence. USSG § 1B1.13(b). These categories include the following: (1) medical circumstances; (2) advanced age of the defendant; (3) family circumstances; (4) the defendant was a victim of abuse while incarcerated; and (5) unusually long sentences. USSG § 1B1.13(b). Section 1B1.13(b)(5) further provides a catchall category where "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [other described reasons], are similar in gravity to [the other described reasons]." USSG § 1B1.13(b)(5). The USSC established the catchall "other reasons" provision to acknowledge that "what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts, rather than through an effort by the Commission to predict and specify in advance all of the grounds on which relief may be appropriate." USSC, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index*, at 10.

### A. Exhaustion of Remedies

Red Eagle appropriately exhausted his administrative remedies as required before filing her motion for compassionate release. Red Eagle submitted a copy of a letter sent to the warden at Tucson USP. (Doc. 109.) The letter requests a sentence reduction and appears to have been written on March 14, 2022. (*Id.*) Red Eagle has exhausted his administrative remedies, as more than 30 days have elapsed since that letter was sent. 18 U.S.C. § 3582(c)(1)(A).

### B. Reason for Reduction

Red Eagle asserts that the Court should find that extraordinary and compelling reasons for the reduction of Red Eagle's sentence exist under the catchall provision set forth by the USSC in § 1B1.13(b)(5). Red Eagle cites his medical condition, unusually long sentence, and rehabilitation as factors supporting a finding of extraordinary and compelling reasons. (Doc. 116 at 5–10.) Red Eagle is 57 years old. He has served over 17 years of his life term of incarceration.

Red Eagle asserts he has hemorrhoids, polyps, mobility issues with his legs and lower back, chronic back pain, hypertension, osteophyte, high cholesterol, and depression. (*Id.* at 5–6.) Red Eagle also asserts he has dealt with other medical issues throughout his imprisonment, including a hemorrhoidectomy procedure, chronic periodontitis, backache, iron deficiency anemia, helicobacter pylori, and COVID-19. (*Id.* at 6–7.) Red Eagle further asserts that the medical care he received at the

5

BOP is troubling because of errors and inaccuracies. (*Id.* at 7–8.)

The Government contends that the BOP appropriately manages Red Eagle's current medical conditions. (Doc. 117 at 9–11.) The Government further argues that the BOP has worked extensively with Red Eagle to meet his medical needs. (*Id.*) The Government argues that Red Eagle has failed to establish support for a compassionate release based on his medical condition. (*Id.* at 11–12.)

Red Eagle's medical conditions do not rise to the level of extraordinary or compelling reasons for compassionate release. Red Eagle's medical conditions appear to be adequately managed despite Red Eagle's custodial status. Red Eagle's chronic care medications have been consistently renewed. (Doc. 116-1 at 14–15, 76, 106–7.) Red Eagle had labs drawn in May 2021 and October 2023. (*Id.* at 52–53, 127–28.) Red Eagle further had a screening chest x-ray in June 2021 that showed no acute cardiopulmonary disease, clean lungs, and normal size heart. (*Id.* at 65.) Red Eagle also received screening for his mobility issues in July and December of 2021. (*Id.* at 7, 58, 61.) The findings appeared normal. (*Id.*)

Red Eagle refers to his hospitalization in 2009 for lower gastrointestinal bleeding and hemorrhagic anemia. (Doc. 116 at 7–8.) Red Eagle's medical records indicate he received prompt and thorough care from the BOP and Northwest Medical Center. BOP Health Services evaluated Red Eagle on October 9, 2009. (Doc. 116-2 at 17.) Red Eagle received a follow-up exam on October 29, 2009, where he had labs

6

drawn. (*Id.* at 14.) Red Eagle's lab results were returned on November 5, 2009, and showed critically low hemoglobin. (*Id.* at 10–11.) Red Eagle was taken to a local emergency room the same day. (*Id.* at 41.) Red Eagle received a blood transfusion and a colonoscopy at the hospital. (*Id.* at 57–60, 70, 72–73.) Red Eagle was discharged from the hospital on November 11, 2009 (*Id.* at 52–53.) Red Eagle contends the underlying cause for his visit was never resolved but does not contend his care was inadequate. (Doc. 116 at 5.)

Red Eagle fails to show why this medical event, which occurred over 14 years ago, rises to the level of an extraordinary or compelling reason. Red Eagle does not identify any care, specialized or otherwise, that he needs for any of his conditions that has not been provided. (*Id.* at 5–8.) Red Eagle further fails to show that he is at risk of serious deterioration in his health due to his medical conditions. (*Id.*)

The Court recognizes the heightened difficulty custody imposes on inmates in managing medical conditions. The Court finds, however, that BOP providers seem to be managing Red Eagle's conditions. Based on the records, the Court finds no evidence that Red Eagle's medical conditions are "from a terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)" USSG § 1B1.13(b)(1)(A), or "require[] long-term or specialized medical care that is not being provided." USSG § 1B1.13(b)(1)(C). The Court cannot find that Red Eagle's medical conditions rise to the level of extraordinary and compelling circumstances

for a sentence reduction.

### C.  Section 3553(a) Factors

The Court still must consider whether reducing Red Eagle's sentence as requested would comport with the § 3553(a) factors. Section 3553(a) of Title 18 of the United States Code provides:

> The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The Court also must consider the kinds of sentences available, the need to provide restitution to any victims, the recommended guideline sentence, any pertinent policy statement, and the need to avoid unwarranted sentence disparities. (*Id.*)

Red Eagle committed an aggravated sexual crime on a minor. The Court considers the nature and offense serious. Red Eagle also acknowledges the serious nature and circumstances of the offense. (Doc. 116 at 8.) The Court finds, however that a sentence of life does not adequately reflects the seriousness of Red Eagle's

offense.

Red Eagle has submitted evidence regarding his rehabilitation while incarcerated by completing his GED and other classes. (Doc. 116 at 9.) Red Eagle has a long tribal criminal history and disciplinary issues in prison. (*Id.* at 9.) The evidence shows, however, that Red Eagle has not had a disciplinary issue in over nine years and has maintained his work assignment. (*Id.*) The Court commends Red Eagle for efforts. These factors weigh slightly in favor of sentence reduction.

The Court determines Red Eagle's medical circumstances, and his post-sentence rehabilitation rise to the level of extraordinary and compelling reasons for a sentence reduction when considered in combination. The Court commends the progress and steps Red Eagle appears to be taking towards rehabilitation. The Court also recognizes the lengthy sentence imposed on Red Eagle and the difficulties that custody poses for managing chronic medical conditions. The Court finds that under the circumstances currently presented by Red Eagle a sentence reduction is warranted. The Court will reduce Red Eagle's sentence from life imprisonment to 480 months' imprisonment.

## CONCLUSION

Red Eagle has demonstrated that extraordinary and compelling reasons exist for a sentencing reduction under 28 U.S.C. § 3582(c)(1)(A). Red Eagle's medical conditions, combined with his post-sentencing rehabilitation, establish

"extraordinary and compelling" reasons for a sentence reduction. The Court finds that under the circumstances currently presented by Red Eagle, a sentence reduction is warranted.

## ORDER

Accordingly, **IT IS ORDERED** that Red Eagle's motion for compassionate release (Doc. 109; Doc. 116.) is **GRANTED in part.** Red Eagle's sentence is reduced from life imprisonment to a term of 480 months' imprisonment on Count I to run concurrent with Count II.

DATED this 21st day of February, 2025.

_____
Brian Morris, Chief District Judge
United States District Court